IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| SHANA M., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>KILOLO KIJAKAZI[1], )<br>)<br>    Commissioner, )<br>    Social Security Administration, )<br>)<br>    Defendant. ) | Civil Action No. CBD-20-0042 |

## MEMORANDUM OPINION

Shana M. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Supplemental Security Income Benefits ("SSI") under Title XVI of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 14, Plaintiff's Alternative Motion for Remand, ECF No. 14, ("Plaintiff's Alternative Motion"), and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 17. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative

---

[1] When this proceeding began, Andrew Saul was the Acting Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

I. **Procedural Background**

On March 5, 2014, Plaintiff filed for SSI under Title XVI of the SSA, alleging disability beginning January 1, 2013. R. 22. Plaintiff alleged disability due to chronic back and shoulder pain, sciatica, degenerative disc disease, osteoarthritis, and osteoporosis. R. 62, 71. Plaintiff's claim was initially denied on July 3, 2014, and upon reconsideration on October 10, 2014. R. 22. An administrative hearing was held on May 26, 2016. R. 22. On October 11, 2016, Plaintiff's claim for SSI was denied. R. 31. Plaintiff sought review by the Appeals Council, which concluded on October 12, 2017, that there was no basis for granting the request for review. R. 1. On October 16, 2018, this Court reversed the Commissioner's judgment and remanded the case to the Commissioner. R. 671. On September 18, 2019, a remand hearing was held. R. 609. On October 30, 2019, Plaintiff's claim for SSI was again denied. R. 619. Plaintiff has now filed a second appeal with this Court. ECF No. 1.

II. **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163-64 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the

decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 20 C.F.R. §416.905(a) (2012). The Code of Federal Regulations outlines a five-step process ("Five-Step Analysis") that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §416.920(a)(4)(i)(2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)

(citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945 (a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

## III. Analysis

The ALJ evaluated Plaintiff's claim using the Five-Step Analysis. R. 611–19. At step one, the ALJ determined that Plaintiff engaged in substantial gainful activity from January 1, 2013, through September 30, 2015. R. 611. However, the ALJ found there had been a continuous 12-month period which Plaintiff did not engage in substantial gainful activity, and thus the ALJ's decision addresses that time frame. R. 612. At step two, under 20 C.F.R. §416.920(c), the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative disc disease, cervical disc displacement, and status post fracture of the little finger. R. 612. The ALJ stated that the listed impairments were severe because they "significantly limit

[Plaintiff's] ability to perform basic work activities." R. 612.  At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§416.920(d), 416.925 and 416.926)." R. 613.  Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b).  The ALJ found that Plaintiff had the following limitations:

> [Plaintiff] can stand and/or walk 4 hours in an 8-hour workday, and occasionally bend, stoop, squat, and frequently, but not constantly, grasp and finger.  [Plaintiff] can frequently reach, pull and push with arms, but not provide rapid movement of the head.

R. 614.  At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work.  R. 617.  The ALJ found that Plaintiff has not been under a disability, since March 5, 2014, as defined in the SSA.  R. 619.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence.  Pl.'s Mem. in Supp. of Pl.'s Mot. 5, 9, ECF No. 14–2.  Plaintiff's only issue on remand involves the ALJ's RFC.  *Id.* at 14.  Plaintiff contends that on remand the "ALJ mistakenly applied [a] new RFC on remand, that was based on his finding of medical improvement to the entire alleged period of disability, which included the period before the medical improvement." *Id.*  Further, Plaintiff argues by committing this error, the ALJ failed to consider a closed period of disability, in that Plaintiff need not be disabled the entire disability period.  *Id.* at 14-16.  Defendant states that "the ALJ clearly based the restrictions found in her RFC assessment on her thorough analysis of the evidence."  Def.'s Mem. in Supp. of Def.'s Mot. 7, ECF No. 17–1.  Although the ALJ may have sufficient evidence to support the RFC assessment, based on the new evidence in the record, the

ALJ did not address this Court's prior issue with the ALJ's RFC on remand. Thus, this Court agrees with Plaintiff.

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634). But when performing an RFC assessment, the ALJ must provide a narrative discussion with the RFC assessment describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (emphasis in original).

A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion. *Thomas*, 916 F.3d at 311. The ALJ's logical explanation is just as important as the other two. *Id*. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence. *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)).

In the ALJ's first decision, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b). The ALJ discerned that Plaintiff had the following limitations:

> [Plaintiff] can stand and/or walk no more than four hours out of an eight-hour workday; occasionally bend, stoop and crouch and avoid tasks requiring rapid movement of the head and overhead reaching with her dominate upper extremity. [Plaintiff] could engage in fine manual dexterity no more than 50% of the time.

7

R. 688.  In the instant case, the ALJ conducted a similar RFC; however, the biggest difference is that the ALJ eliminated the limitation that Plaintiff should avoid tasks requiring "overhead reaching with her dominate upper extremity."  R. 614.

The ALJ stated that he "reviewed the new evidence of record; and [i]nstead of repeating the support for the residual functional finding from the prior decision, [the ALJ] incorporat[ed] that information by reference."  R. 609.  The ALJ also stated that he reviewed the new evidence and testimony and "together, the evidence supports the new residual functional capacity finding and the present impairments."  *Id.*

The ALJ also explained that:

> [Plaintiff's] back symptoms improved and [Plaintiff] reported intermittent acute symptoms, which required medication on a per needed basis.  The examination results are all fairly normal and mildly limiting.  There is nothing to indicate significant problems with reaching overhead as before.

R. 616-17.  However, the ALJ failed to specify when he determined Plaintiff improved and when the period of disability ended.

When determining disability, an ALJ "is charged with determining whether the claimant was disabled for any consecutive twelve-month period between the alleged onset date and the hearing date."  *Sykes v. Comm'r, Soc. Sec.*, No. CV ELH-16-898, 2017 WL 35436, at *2 (D. Md. Jan. 4, 2017); *see Allen v. Colvin*, No. CV ADC-16-2557, 2017 WL 2399591, at *4 (D. Md. June 1, 2017) (citing *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075 (N.D. Ill. 2013)) ("[T]he disability inquiry must be made throughout the continuum that begins with the claimed onset date and ends with the hearing date.).  To qualify for disability benefits, a claimant need not show that she is disabled at the time of the hearing.  *Sykes*, 2017 WL 35436, at *2 (citing *Miller v. Comm'r of Soc. Sec.*, No. 13-CIV.-6233, 2015 WL 337488, at *24 (S.D.N.Y. Jan. 26, 2015).  If there is medical improvement within the disability period, the ALJ must still evaluate a closed

period for any consecutive period of at least twelve months within that the claimant was not engaged in substantial gainful activity. *See Nicole C. v. Berryhill*, No. CV BPG-18-2828, 2019 WL 3935183, at *3 (D. Md. June 24, 2019) ("A claimant may be entitled to a closed period of disability if the evidence shows he or she was disabled or blind for a continuous period of not less than 12 months, but based on the evidence is no longer disabled or blind at the time of adjudication."); *see also Ritchie v. Saul*, No. 1:19-CV-03302-JMC, 2021 WL 168443, at *3 (D. Md. Jan. 19, 2021) (citing *Rosales v. Colvin*, 2013 WL 1410387, at *4 (D. Ariz. Apr. 8, 2013)) (An "ALJ is required to consider a closed period of disability if evidence in the record supports a finding that a person is disabled for a period of not less than twelve months."); *Sykes*, 2017 WL 35436, at *2 (where the Court remanded the case for the ALJ to determine "whether [Plaintiff] should be eligible for a closed period of disability during any period at or exceeding twelve months between the alleged onset date and the date of the surgery.").

On remand, the ALJ was ordered to resolve the conflict between the Dictionary of Occupation Titles and the VE. R. 663. Specifically, the jobs that the VE identified Plaintiff could perform, "conflict[ed] with the residual functional capacity to no overhead reaching with the dominant upper extremity." *Id.*

Here, the period of disability began on January 1, 2013, the alleged onset date. R. 22. As stated above even though the ALJ found that Plaintiff engaged in substantial gainful activity from January 1, 2013, through September 30, 2015, the ALJ still found that there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. R. 611-12. Thus, the relevant period to determine disability was from October 1, 2015, until the date of the hearing which was September 18, 2019. R. 609. Although there is evidence in the record to support the ALJ's contention that Plaintiff's impairments improved (R 616-17), the

ALJ should have still considered the limitation "no overhead reaching with the dominant upper extremity," for any period of at least twelve consecutive months, before medical improvement occurred. The ALJ should have especially considered a closed period for the disability period on remand. Further, although the ALJ pointed to medical records that suggest Plaintiff's medical improvement, the ALJ also pointed to evidence that suggested Plaintiff was entitled to the limitation "no overhead reaching with the dominant upper extremity."

The ALJ pointed to specific provider visits, treatment records, and examinations but failed to specify which records supported his contention that there was medical improvement. The ALJ also failed to explain at what point the ALJ found medical improvement. For example, the ALJ mentions that "Plaintiff reported increased mid back pain for several weeks during a doctor visit on November 27, 2017." R. 615. Without "an accurate and logical bridge," the Court is left to speculate if the RFC is supported by substantial evidence. The Court is also unclear on which period the ALJ is referring to that includes at least twelve consecutive months, where Plaintiff was not engaged in substantial gainful activity. The Court will leave that up to the ALJ to discuss on remand. The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). Accordingly, remand is appropriate so the ALJ can consider a closed period of disability.[2]

In remanding this case, the Court expresses no opinion on whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect. *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

**IV.    Conclusion**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES**

---

[2] On remand, the ALJ should incorporate the Court's first remand, and include the limitation "no overhead reaching with the dominant upper extremity, in the RFC, when considering the closed period of disability."

Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.

January 31, 2022

/s/
Charles B. Day
United States Magistrate Judge

CBD/pjkm